# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## IN ADMIRALTY

DENALI SHIPPING LP.,

                                    Plaintiff,

-against-

VAN OIL PETROLEUM LTD.,

                                    Defendant.

## VERIFIED COMPLAINT

Plaintiff, Denali Shipping LP ("Plaintiff"), by and through its undersigned counsel, files this Verified Complaint against defendant Van Oil Petroleum Ltd. ("Defendant"), and states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      This is an action to recover Plaintiff's damages sustained as a result of Defendant's wrongful arrest of Plaintiff's vessel M/V DENALI (the "Vessel") in India.

2.      Plaintiff, Denali Shipping LP, is a foreign company duly organized and operating under foreign law.  Plaintiff was, at all relevant times, the owner of the Vessel.

3.      Upon information and belief, Defendant Van Oil Petroleum Ltd., was and still is a foreign company organized under, and existing by virtue of the laws of the British Virgin Islands.

4.      This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and within the meaning of Federal Rule of Civil Procedure 9(h).

5.      This action is brought pursuant to and in accordance with Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil

Procedure ("Admiralty Rule B") to obtain and maintain security for Plaintiff's claim against Defendant for the wrongful arrest of the Vessel.

6.      Venue is proper in this District in accordance with Admiralty Rule B as Defendant has property, namely funds held in a bank account at Helm Bank USA, which is within the physical jurisdiction of this Court during the pendency of this action.

7.      Alternatively, this action is brought pursuant to and in accordance with Admiralty Rule B to obtain and maintain security for legal proceedings to be filed in the courts of London or India for the wrongful arrest of the Vessel.

## FACTUAL ALLEGATIONS

### A.  The Lost Charter With Oldendorff

8.      On or about September 25, 2015, Plaintiff contracted to purchase the Vessel from Ermis Trading S.A. ("Ermis") free of any encumbrances, mortgages or liens.[1]  In the event, the Vessel was delivered by Ermis to the Plaintiff on or about December 4, 2015.

9.      From the time Plaintiff purchased the Vessel until April 2018, Plaintiff traded the Vessel freely, with the expectation that no one would claim a lien for debts incurred prior to the Vessel being purchased.

10.     On February 22, 2018, Plaintiff entered into a time charter with Oldendorff Carriers GmbH & Co. KG ("Oldendorff") whereby Oldendorff agreed to charter the Vessel for a period of four months to a maximum of six months. (the "Charter").

11.     Clause 44 of the Charter provides:

> Should the vessel be arrested during the currency of this Charter Party at the suit of any party having or purporting to have a claim against any interest

---

[1] Upon information and belief, ownership of the Vessel changed originally from Citrus Shipping Corp. to Ermis Trading S.A. sometime in February 2014, and thereafter from Ermis Trading S.A. to Denali Shipping LP on or about September 25, 2015. The name of the ship also changed with each new owner from M/V MARIE PAULE to M/V ERMIS to her current name M/V DENALI.

2

in the vessel, hire under this Charter Party shall not be payable in respect of any period during which the vessel is not at Charterers' disposal, for the operation immediately required and any direct expenses shall be for Owners' account.

12.     Clause 99 of the Charter provides, in relevant part:

If the vessel has been off-hire for a period of more than 30 days, the Charterers are at liberty to cancel *the* balance of the Charter Party, on Charterers having given 24 hours notice of their intention to exercise their option, in which case redelivery shall take place upon vessel being free from cargo, irrespective of redelivery ranges.

13.     Under the terms of the Charter, the Vessel was delivered to Oldendorff on March 6, 2018.

B.  **The Wrongful Arrest in India**

14.     On April 6, 2018, while the Vessel was on charter to Oldendorff and discharging cargo, Defendant arrested the Vessel at the port of Navlakhi, India for alleged unpaid bunkers supplied to the M/V MARIE PAULE[2] on February 1, 2012, at the request of the time charterers of the former owner, Allied Maritime Inc, ("Allied") in the amount of USD 975,600.00, plus interest and costs, for a total claim of USD 1,322,565.00.[3] A true and correct copy of the Indian Complaint is attached as **Exhibit B**.

15.     The Complaint provided, in relevant part:

8. On 1st February 2012, [Van Oil] supplied 1,300 Mts of IFO to the Vessel

---

[2] The former name of the Vessel was M/V MARIE PAULE.

[3] Notably, Defendant filed a complaint in Bangladesh in December 2012, and arrested the Vessel (then named MARIE-PAULE) in respect of the same debt that was the subject of the Indian action. On January 24, 2013, the Supreme Court of Bangladesh High Court Division dismissed the complaint and vacated the arrest on the basis that "the liability to provide and pay fuel is on the time charterer [Allied] alone. [Van Oil has] knowledge of the same." A true and correct copy of the January 24, 2013 Decision is attached as **Exhibit A**; *see* Ex. A, p. 5. The Court of Bangladesh further noted, in relevant part: "There was no privity of contract between [Van Oil] and [the former owner and the Vessel]. [Van Oil has] no right to arrest the vessel as done in the present case." *See* Ex. A, p. 7. Accordingly, since the bunkers were ordered by the time charterer Allied, and not the former owner (or the Vessel), the court vacated the arrest because **Van Oil did not have a statutory or any other type of lien against the Vessel** *in rem*. Critically, Defendant not only knew its claim was time-barred when it filed its bad faith complaint in India, but Defendant also knew it did not have an *in rem* claim against the Vessel based on the January 24, 2013 Decision by the Supreme Court of Bangladesh.

M/V DENALI (IMO No. 9438016) (ex-name – MV Marie-Paule) at Callao Port, Bunker Delivery Note bearing no. 4325 was issued for the said supply.

9. On the same day, [Van Oil] issued an Invoice bearing No. 4325 for the bunkers supplied . . . for an amount of USD 975,600. The Invoice provided that the due date for payment of invoice was 2nd March 2012.

11. On 29th February 2012, the erstwhile owners[4] of the vessel acknowledged and admitted the outstanding amount for the supply made and assured the Plaintiff that the payments will be shortly made. They also informed the Plaintiff that due to financial difficulties the company was unable to pay the outstanding.

24. No part of the cause of action is barred by limitation as the cause of action arose in 2012, when the invoice for the supply of bunkers fell due. [Van Oil's] General Terms and Conditions for sale of the Marine Fuel provides that the supply was governed by English Law. The English Limitation Act, 1980, Section 5 provides that '*an action founded on simple contract shall not be brought after the expiration of six years from the date on which the cause of action accrued.*' Under the law governing the terms of supply, [Van Oil] is entitled to proceed against the Defendant Vessel. (Emphasis in original.)

16.     On April 6, 2018, the High Court of India issued an arrest Order and the Vessel was arrested.

17.     As a result of the arrest, on April 9, 2018, upon completion of discharge, Oldendorff placed the Vessel "off-hire" under Clause 44 of the Charter.

18.     Thereafter, Plaintiff made a limited appearance in the Indian action and submitted an application to dismiss Defendant's claim and release the Vessel from arrest.

19.     In particular, Plaintiff's primary defense of Defendant's claim was that Defendant clearly stated in its April 6, 2018 Complaint that (1) the last acknowledgment concerning payment for the bunkers was "29 February 2012"; (2) "the cause of action arose in 2012;" (3) the applicable statute of limitations is the Indian Limitation Act, 1963, and pursuant to section 15 of the said Act

---

[4] This refers to the former owners, not Denali Shipping, but note that the correspondence on which the Defendant relied makes clear that it was not the former owners making the admission, but the time charterers, Allied.

the period of limitation would be three years; and (4) alternatively, if the relevant statute of limitations is the English Limitation Act, which governed the bunker supply contract, the relevant period of limitation was six years. Accordingly, at the time Defendant filed its Complaint on April 6, 2018, it was knowingly and admittedly time-barred whether under the applicable Indian or English statute of limitations.

20.     On May 3, 2018, the commercial division of the High Court of the state of Gujarat dismissed Defendant's claim against the Vessel *in rem* on the basis that the claim for unpaid bunkers was clearly barred by the statute of limitations under the English Limitation Act. A true and correct copy of the May 3, 2018 Decision is attached as **Exhibit C**.

21.     The Indian Court's May 3, 2018 Decision further ordered that there be a stay of execution in respect of the Vessel's release until May 11, 2018, pending any appeal by Defendant.

22.     Defendant was aware the Vessel was on charter to Oldendorff and attempted to extort a settlement from Plaintiff knowing that Oldendorff could cancel the Charter as a result of the arrest.

23.     Without any legitimate basis to appeal and purely based on bad faith in order to cause harm to Plaintiff in order to force a settlement, Defendant appealed the May 3, 2018 decision, which resulted in the Vessel being further detained.

24.     On May 10, 2018, as a result of the Vessel remaining under arrest for a period longer than thirty days, Oldendorff exercised its right to cancel the Charter under Clause 44.

25.     On May 11, 2018, the Division Bench of the High Court of the state of Gujarat dismissed Defendant's appeal. A true and correct copy of the May 11, 2018 Decision is attached as **Exhibit D**.

153117.00601/109515048v.1

26.     In particular, the May 11, 2018 Decision stated, in relevant part:

**6.6** Therefore, considering the averments and pleadings in the [complaint], even according to [Van Oil], the last acknowledgement was on 29.03.2012. Therefore, the limitation started running from 29.03.2012. Even in Paragraph-24, while pleading cause of action, it is specifically stated by the plaintiff that the cause of action arose in 2012. But by clever drafting, it is not stated from which date in the year 2012 the period of limitation started running. The only case on behalf of [Van Oil] is that the cause of action arose in 2012 when the invoice for the supply of Bunkers fell due and that as per the general terms and conditions for sale of maritime fuel, the supply was governed by English law and the English Limitation Act, 1980, Section 5, provides that 'an action founded on simple contract shall not be brought after the expiration of six years from the date on which the cause of action accrued.' Therefore, assuming that the English Limitation Act, 1980, shall be applicable, in that case also, considering the starting point of limitation from 29.03.2012, even applying the English Limitation Act which provides six years' time limit, in that case also, the period of limitation would expire on 28.03.2018. It is an admitted position that the suit has been [commenced] on 06.04.2012. Therefore, the same is clearly barred by the law of limitation. Therefore, even considering the averments in the [complaint] as they are, the suit is clearly barred by the law of limitation even as per the English Limitation Act, 1980.

27.     The May 11, 2018 Decision affirmed the May 3, 2018 Decision of the commercial division of the High Court of the state of Gujarat which dismissed Defendant's case on the grounds that the claim was clearly time-barred under the English Limitation Act.

28.     The Indian Court's May 11, 2018 Decision further ordered that there be a stay of execution in respect of the Vessel's release until May 18, 2018, pending any appeal by Defendant.

29.     Defendant sought leave to appeal May 11, 2018 Decision to the Indian Supreme Court, which was denied on May 22, 2018.

30.     The Vessel was eventually released from arrest on May 22, 2018.

31.     As a result of Defendant's wrongful arrest of the Vessel and bad faith appeals, Plaintiff sustained damages in the principal amount of **US $842,961.00,** as near as same can now be determined, for the loss of the Charter with Oldendorff, cost of bunkers and port dues to

recharter the Vessel, and **US $73,440.00** in attorneys' fees, costs and other expenses incurred in defending the action in India.

## COUNT I

## WRONGFUL ARREST

32.     Plaintiff reaffirms and realleges the above allegations as if fully stated herein.

33.     Defendant in bad faith caused the Vessel to be seized under a Warrant of Arrest in India when it knowingly admitted that the claim was time-barred when the Complaint was filed.

34.     In particular, the Complaint provided, in relevant part:

> 8. On 1st February 2012, [Van Oil] supplied 1,300 Mts of IFO to the Vessel M/V DENALI (IMO No. 9438016) (ex-name – MV Marie-Paule) at Callao Port, Bunker Delivery Note bearing no. 4325 was issued for the said supply.

> 9. On the same day, [Van Oil] issued an Invoice bearing No. 4325 for the bunkers supplied . . . for an amount of USD 975,600. The Invoice provided that the due date for payment of invoice was 2nd March 2012.

> 11. On 29th February 2012, the erstwhile owners[5] of the vessel acknowledged and admitted the outstanding amount for the supply made and assured the Plaintiff that the payments will be shortly made. They also informed the Plaintiff that due to financial difficulties the company was unable to pay the outstanding.

> 24. No part of the cause of action is barred by limitation as the cause of action arose in 2012, when the invoice for the supply of bunkers fell due. [Van Oil's] General Terms and Conditions for sale of the Marine Fuel provides that the supply was governed by English Law. The English Limitation Act, 1980, Section 5 provides that '*an action founded on simple contract shall not be brought after the expiration of six years from the date on which the cause of action accrued.*' Under the law governing the terms of supply, [Van Oil] is entitled to proceed against the Defendant Vessel. (Emphasis in original.)

35.     Defendant admitted the cause of action arose between February - March 29, 2012.

---

[5] This refers to the former owners, not Denali Shipping, but in any event this is not correct, because the correspondence relied upon by the Defendant shows that it was the time charterers, Allied, not the former owners, acknowledging and admitting the debt.

7

36.     Defendant further admitted English law governed the Marine Fuel Supply contract and, under Section 5 of the English Limitation Act, 1980, "an action founded on simple contract shall not be brought after the expiration of six years from the date on which the cause of action accrued."

37.     Defendant delayed filing its complaint in the Indian action until April 6, 2018, which was more than six years from the date on which the cause of action accrued between February - March 29, 2012.

38.     Defendant acted with bad faith, malice, or reckless disregard for the rights of Plaintiff because Defendant knew and admitted that its claim was time-barred when it wrongfully arrested the Vessel in India.

39.     Defendant further acted with bad faith, malice, or reckless disregard for the rights of Plaintiff when it appealed the May 3, 2018 Decision of the commercial division of the High Court of the state of Gujarat because the appeal caused the Vessel to remain under arrest beyond the May 11, 2018 date ordered by the court.

40.     Defendant further acted with bad faith, malice, or reckless disregard for the rights of Plaintiff when it appealed the May 11, 2018 Decision of Division Bench of the High Court of the state of Gujarat because the appeal caused the Vessel to remain under arrest beyond the May 18, 2018 date ordered by the court.

41.     As a direct, proximate, and foreseeable result of Defendant's wrongful arrest, Plaintiff has suffered **US $842,961.00** in damages, including the loss of the Charter with Oldendorff, cost of bunkers and port dues to re-charter the Vessel, and **US $73,440.00** in attorneys' fees, costs and other expenses incurred in defending the action in India.

153117.00601/109515048v.1

42.     The total principal amount of Plaintiff's claim for damage sustained to the Vessel for which Plaintiff seeks issuance of Process of Maritime Attachment and Garnishment is **US $916,401.00**, no part of which has been paid although duly demanded.

## COUNT II

## RULE B ATTACHMENT

43.     Plaintiff reaffirms and realleges the above allegations as if fully stated herein.

44.     Undersigned counsel for Plaintiff has contacted the Secretary of State of Florida and verified that Defendant is not registered to do business within the State of Florida and has not appointed any registered agent for service of process.

45.     As such, Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds and/or credits in the hands of garnishees in this District.

46.     In particular, according to Defendant's own instructions, payment for the provision of bunkers must be made to its account with Helm Bank USA, 999 Brickell Avenue, Miami, FL 33131, which is within the physical jurisdiction of this Court.  A true and accurate copy of Defendant's invoice instructing payment to Helm Bank USA is attached as **Exhibit E**.

47.     Pursuant to Admiralty Rule B, Plaintiff is entitled to attach all of the property of Defendant within this District, including, but not limited to, funds in the bank account at Helm Bank USA, as security for Plaintiff's claim for wrongful arrest or, in the alternative, as security for legal proceedings to be commenced in the courts of London or India against Defendant.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.     That, since Defendant cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty, restraining and attaching all tangible or intangible property in whatever form or any other funds held by said garnishee, Helm Bank USA, 999 Brickell Avenue, Miami, FL 33131, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of **US $916,401.00** to secure Plaintiff's claim, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

C.     That the Court appoint a substitute process server in lieu of the United States Marshal;

D.     That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future.

E.     That Plaintiff has such other and further relief as this Honorable Court may deem just and proper.


Respectfully submitted,


_/s/Richard E. Berman_____
Richard E. Berman (Bar No. 254908)
Blank Rome LLP
500 E. Broward Blvd.
Suite 2100
Fort Lauderdale, FL 33394

153117.00601/109515048v.1

Of Counsel

William R. Bennett, III*
Lauren B. Wilgus*
Blank Rome LLP
405 Lexington Avenue
New York, NY  10174
(212) 885-5270
WBennett@blankrome.com
LWilgus@blankrome.com

*Attorneys for Denali Shipping LP*

**Pro Hac Vice** application pending

11

## VERIFICATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I, Richard E. Berman, verify under penalty of perjury that the following declarations are true and correct:

1.      I am an attorney at law admitted to practice before this Honorable Court.

2.      I am a member of the firm of Blank Rome LLP, attorneys for plaintiff, Denali Shipping LP. (hereafter "Denali"), herein.

3.      I have read the foregoing Verified Complaint and know the contents thereof, and that the same are true to the best of my knowledge, information and belief.

4.      In addition to Paragraph 7 of the Verified Complaint, and based upon my investigation of the records of the Secretary of State, State of Florida, and the White Pages for the City of Miami, defendant Van Oil Petroleum Ltd., cannot be found within the physical jurisdiction of this Court.

5.      The reason I am making this verification and not plaintiff, Denali, is that plaintiff is a legal entity, no officers or directors of which are now within this district.

6.      The source of my information and belief are my individual investigation, statements made by representatives of plaintiff and documents provided by same.

Executed on this 12th day of June, 2018.

_/s/Richard E. Berman _____
Richard E. Berman